UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| EDGAR GOODWIN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 1:06-cv-127 |
| | ) | *Collier/Carter* |
| HAMILTON COUNTY JAIL; HAMILTON | ) | |
| COUNTY SHERIFF'S DEPT.; SHERIFF | ) | |
| JOHN CUPP; SGT. MELVINS; LT. WILES; | ) | |
| CAPT. SWOPE; CO ROBINSON; | ) | |
| CO GILLUND; CO ROMINGER; SGT. | ) | |
| CARLISLE; CO JOHN DOE 1; CO JOHN | ) | |
| DOE 2; All Parties are Sued in Their | ) | |
| Official and Individual Capacities, | ) | |
| | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM**

Plaintiff Edgar Goodwin ("Goodwin") has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 3). Goodwin seeks compensatory damages and punitive damages from each defendant for the alleged mental, physical, and emotional injuries they caused him to suffer. The essence of Goodwin's claim is the defendants verbally insulted and threatened him and consistently use unwarranted excessive force against him.

### I. *Application to Proceed In Forma Pauperis*

It appears from the application Goodwin lacks sufficient financial resources at the present time to pay the required filing fee in the amount of $350.00. Accordingly, the Clerk of Court is **DIRECTED** pursuant to 28 U.S.C. § 1915(b)(4) to file this action without the prepayment of costs and the filing fee. It appears Goodwin possesses no money in a trust account at this time and for a period of six months prior to the filing of this complaint his average balance was $1.67.

However, Goodwin is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Goodwin is an inmate or prisoner in custody at the Hamilton County Jail, he is hereby assessed the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

The mathematical formula of 28 U.S.C. § 1915(b)(1)(A) and (B) directs a finding of zero. Accordingly, the custodian of Goodwin's inmate trust account at the institution where he now resides shall not submit an initial partial payment. *McGore v. Wrigglesworth*, 114 F.3d 601, 606 (6th Cir. 1997). However, Goodwin is still obligated to pay the full filing fee when money does become available.

The custodian shall submit twenty percent (20%) of all funds deposited to Goodwin's trust account, but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). The Custodian of Goodwin's trust account is instructed that when Goodwin's trust account balance is over $10.00 then the twenty-percent rule is applicable. No violation of the statute occurs if the application of the twenty-percent rule reduces the balance of the account below ten dollars. *McGore v. Wrigglesworth*, 114 F.3d at 606 (6th Cir., 1997).

The Clerk of Court is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Hamilton County, the Custodian of Inmate Trust Fund Accounts at the Hamilton County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Goodwin's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Goodwin's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.[1]

The plaintiff is **ORDERED** to notify this Court and defendants or defendants' attorney of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II.     *Administrative Remedies*

Goodwin's complaint is based on claims that arose while he has been housed at the Hamilton County Jail. Goodwin asserts he "[e]xhausted all remedies. Filed grievances. No results/and in most complaints no dispositions" (Court File No. 3). Goodwin has not attached a copy of any of his grievances. Nor has he specifically described the procedure he followed in filing his grievance or identified the content of his grievances. *See Kunckles El. v. Toombs,* 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Apart from his factually unsupported assertions of exhaustion,

---

[1] **Send remittances to the following address:**

    Clerk, U.S. District Court
    P.O. Box 591
    Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

3

there is absolutely no evidence to show Goodwin has exhausted his administrative remedies by presenting the facts underlying his § 1983 claims to all levels of the inmate grievance program.

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. In *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied,* 525 U.S. 833 (1998), the United States Court of Appeals for the Sixth Circuit held district courts should enforce the exhaustion of administrative remedies *sua sponte* if necessary. The Sixth Circuit has ruled the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d at 1103-04. "A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." *Id.*

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). Goodwin has failed to demonstrate he exhausted his available administrative remedies by fairly presenting his claims to all levels of the Hamilton County Jail inmate grievance program. Goodwin's factually unsupported allegation he exhausted all remedies is insufficient to satisfy his burden to demonstrate he filed a grievance concerning each claim stated in the complaint and to describe with specificity the administrative proceeding and its outcome. Goodwin's general statement he filed grievances but received no results or "dispositions" provides no specific

4

information that would permit the Court to verify the grievance process has been completed as to each claim and each defendant contained in this § 1983 complaint. Consequently, there is insufficient evidence to demonstrate Goodwin properly exhausted his administrative remedies. *See Boyd v. Corrections Corp. of America*, 380 F.3d 898, 996 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), *cert. denied*, 544 U.S. 920 (2005); *Baxter v. Rose*, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a *sua sponte* dismissal).

The Hamilton County Jail maintains an administrative remedy program to address the concerns of inmates. The Hamilton County Jail has a three-step inmate grievance procedure. First, informal resolutions are encouraged between staff and inmates. If an inmate is not satisfied with the outcome of the resolution, the second step is for the inmate to submit an inmate grievance form by placing it in the grievance box. The Jail Captain will assign the grievance to the responsible supervisor for action and/or response. If an inmate is dissatisfied with the resolution of the grievance
the third step requires the inmate to appeal to the Chief of Corrections. *See Hamilton County Sheriff's Office Inmate Handbook Number 59,* pp. 20-22.

Goodwin has failed to identify the procedural steps he followed in pursuing his administrative remedies. Goodwin alleges he filed grievances but he has failed to describe the contents of his grievances and the parties against whom he filed the grievances. Consequently, his claim of exhaustion fails to satisfy the requirement "a prisoner must plead his claims with specificity and show that they have been exhausted[,]" *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.)

5

*cert. denied*, 531 U.S. 1040 (2000). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

Goodwin' failure to provide documentation of the grievance or, in the absence of written documentation, his lack of describing with specificity the procedural steps he followed while pursuing his grievance, the specific contents of his grievances, and the parties against whom he filed grievances, is fatal to his claim that he has exhausted administrative remedies. Under the PLRA "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal." *Baxter v. Rose*, 305 F.3d at 488-490. Consequently, Goodwin has failed to sustain his burden of showing he exhausted his administrative remedies.

Accordingly, Goodwin' complaint will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because Goodwin failed to demonstrate he exhausted his available administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

### III. *Motion for Default Judgment*

Plaintiff has filed a motion for default judgment which the Court will **DENY** as **MOOT** (Court File No. 4).

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**